# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| IRA B. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01217-JCH |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of petitioner Ira B. Harris's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition must be dismissed as successive. *See* 28 U.S.C. § 2244(b)(1).

## Background

Following a jury trial, petitioner was convicted of six counts of first-degree robbery, three counts of armed criminal action, and one count of first-degree assault. On June 7, 1991, he was sentenced to concurrent terms of life imprisonment for each robbery count; forty years for each armed criminal action count; and thirty years for the first-degree assault count. Petitioner subsequently filed state motion for postconviction relief pursuant to Mo. Sup. Ct. R. 29.15. The circuit court denied petitioner's motion. On appeal, the Missouri Court of Appeals affirmed petitioner's conviction and sentence in part, but remanded to the circuit court for a hearing pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986) regarding the state's use of peremptory strikes. *State v. Harris*, 860 S.W.2d 839, 841 (Mo. App. 1993). The circuit court held a *Batson* hearing and denied petitioner's due process challenge. *State v. Harris*, 882 S.W.2d 730, 730 (Mo. App. 1994). The Missouri Court of Appeals subsequently affirmed. *Id*.

Petitioner filed his initial federal petition for writ of habeas corpus on February 17, 1995. *Harris v. Groose*, No. 4:95-cv-00306 (E.D. Mo.). On August 16, 1995, petitioner moved to have his case voluntarily dismissed without prejudice. The motion was granted, and the case dismissed.

On August 28, 1996, petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1991 state-court conviction. *Harris v. Dormire*, No. 4:96-cv-02069-DJS (E.D. Mo.). The petition was denied on the merits on March 27, 2000. Petitioner filed a notice of appeal. The appeal was dismissed by the Eighth Circuit Court of Appeals on September 20, 2000. *Harris v. Dormire*, No. 00-2295 (8th Cir. 2000).

On October 10, 2017, petitioner filed a petition for writ of habeas corpus that contained claims relating to two separate cases: his original 1991 conviction; and a 2002 charge of assaulting a Department of Corrections officer that resulted in a plea of not guilty by reason of insanity (NGRI). *Harris v. Steele*, No. 4:17-cv-2562-NCC (E.D. Mo.). The Court determined that to the extent petitioner was attempting to litigate his 1991 conviction and sentence, his petition was successive and required the authorization of the Eighth Circuit Court of Appeals to proceed. Thus, the Court entered an order of partial dismissal on November 27, 2017. However, the Court also determined that to the extent petitioner was litigating the commitment related to his 2002 NGRI, his claims appeared exhausted and timely, and were allowed to go forward. The case is still pending.

**The Petition**

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. He filed the instant petition on May 3, 2019, by placing it in the prison mailing system. (Docket No. 1 at 40).

The claims in the petition are entirely related to petitioner's original 1991 conviction for first-degree robbery, armed criminal action, and first-degree assault. (Docket No. 1 at 3). In Ground I, petitioner alleges a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) when the prosecutor withheld evidence of petitioner's "mental disease and defect and the forced treatment he was receiving during the trial." (Docket No. 1 at 9). In Ground II, petitioner claims that two mental health doctors employed by the state committed perjury and provided false testimony to the circuit court by suggesting that petitioner was malingering. (Docket No. 1 at 14). In Ground III, petitioner asserts that the circuit court's failure to conduct a competency hearing violated his Fourteenth Amendment right to due process. (Docket No. 1 at 16). In Ground IV, petitioner alleges that his trial counsel was ineffective for failing to request a competency hearing and in telling the circuit court that there was no evidence to substantiate his claim of mental disease or defect. (Docket No. 1 at 25-26). Finally, in Ground V, petitioner states that his conviction and sentence violate the Fourteenth Amendment because he was incompetent at the time of trial due to a "severe mental disease and defect." (Docket No. 1 at 27).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that petitioner is not entitled to relief, because his petition is successive.

A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

3

the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition").

As noted above, petitioner filed a prior petition pursuant to § 2254 that was denied on the merits on March 27, 2000. *Harris v. Dormire*, No. 4:96-cv-02069-DJS (E.D. Mo.). More recently, the Court denied and dismissed petitioner's § 2254 petition as successive to the extent it attempted to litigate claims related to his 1991 conviction. *Harris v. Steele*, No. 4:17-cv-2562-NCC (E.D. Mo. Nov. 27, 2017). Petitioner seems to acknowledge that his petition is successive, as he has filed a motion titled "Motion for Leave to File a Third or Successive Petition for a Writ of Habeas Corpus." (Docket No. 2).

To the extent petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals. As such, the petition must be denied and dismissed as successive.

**Petitioner's Motions**

Along with his petition for writ of habeas corpus, petitioner has filed three motions: a motion for leave to file a third or successive habeas corpus petition (Docket No. 2); a motion for production of documents (Docket No. 3); and a motion to appoint counsel (Docket No. 4). The motions will be denied as petitioner's petition is being denied and dismissed as successive.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a third or successive habeas petition (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for production of documents (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this __12th_ day of __September__, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE